IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTY S., o/b/o A.S., a minor child,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-cv-00191 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By: Elizabeth K. Dillon |
| Security Administration,[2] | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Christy S., on behalf of her son A.S., a minor child, brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying A.S.'s claim for social security income (SSI) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On May 30, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 24.) Plaintiff filed a timely objection on June 13, 2019. (Pl.'s Obj., Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Christy's motion for summary judgment, and affirm the Commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–8.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Christy S.'s Objections**

In her brief to the magistrate judge in support of her motion for summary judgment, Christy argued that the ALJ erred by finding that A.S's impairments do not functionally equal the listing of impairments. (Pl.'s Mem. in Supp. of Mot. for Summ. J. 9–14.)[3] More specifically,

---

[3] A.S. was six years old at the time of his hearing, which took place on March 9, 2017. (R. 40.) The Social Security Regulations provide a three-step sequential evaluation process for determining whether a minor is disabled. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity; if so, the claimant is not disabled. 20 C.F.R. § 416.924(a), (b). Next, the ALJ must determine whether the claimant suffers from "an impairment or combination of impairments that is severe." *Id.* § 416.924(a), (c). If the claimant has a severe impairment, the analysis progresses to step three where the ALJ must consider whether the claimant's

Christy argued that the ALJ's determination that A.S. has less than marked limitation in domains V (caring for self) and VI (health and physical well-being) was not supported by substantial evidence in the record. (*Id.*) Christy also argued that the ALJ's assessment of A.B.'s subjective allegations, and Christy's allegations on his behalf, was not supported by substantial evidence. (*Id.*) In many respects, Christy's objections are a restatement of her summary judgment arguments. It is not necessary for the court to address the exact same arguments raised before the magistrate judge. The court will, however, address the following objections.

First, Christy argues that the ALJ erred by only giving some weight to the opinions of A.S.'s kindergarten teacher, Ms. Chelsea Carter. In her responses to a March 2017 Teacher Questionnaire, Ms. Carter indicated no serious problems in acquiring and using information and interacting and relating with others, and only one serious problem in attending and completing tasks. (R. 20.) She also found a couple of serious problems in moving about and manipulating objects and caring for self. (*Id.*) Finally, the teacher commented that A.S. often missed class due to symptoms like fever or vomiting. (*Id.*) The ALJ acknowledged that Ms. Carter "had the opportunity to observe the claimant in an educational setting on a regular basis. She is well qualified to comment on his learning, behavior, and interaction with students and adults at school." (R. 21.) The ALJ discounted the weight of this evidence, however, because the Teacher Questionnaire "mostly provided numerical ratings with no explanation," and also because Ms. Carter "did not have the benefit of considering other relevant evidence, such as treatment records, in assessing the claimant's functional limitations." (*Id.*)

---

impairment or combination of impairments meets, medically equals, or functionally equals a listing. *Id.* § 416.924(a), (d). If the claimant has such an impairment, and it meets the duration requirement, the claimant is disabled.

Christy asserts that these justifications are "illogical" because the regulations do not require a doctor to opine about marked limitations in order to find a marked limitation, and the Teacher's Questionnaire is an SSA form used in children's disability claims. It is the ALJ's job, however, to evaluate the evidence in the record. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). Nothing required the ALJ to adopt the teacher's opinion without assessing its probative value, nor did the use of an SSA form preclude the ALJ from addressing the basic utility of the form.

Christy also argues that the R&R "erred by failing to acknowledge the ALJ never actually addressed A.S.'s Charcot-Marie-tooth[4] disease in evaluating" the health and physical well being domain. (Pl.'s Obj. 4.) The magistrate judge stated that "Christy appears to argue that the ALJ failed to recognize that A.S. has a clear diagnosis from Dr. [Michael] Sisk of Charcot-Marie-Tooth disease, which is just not the case." (R&R 14.) At step two, the ALJ found that the disease was a severe impairment. (R. 15.) At step three, in terms of functional equivalence, the ALJ discussed Christy's testimony that A.S.'s "most serious symptoms are the pains affecting his feet, legs, and hands due to Charcot-Marie-Tooth disease." (R. 17.) The ALJ proceeded to recognize Dr. Sisk's "presumptive diagnosis" of Charcot-Marie-Tooth disease, and that his "symptoms were also consistent with the diagnosis, including foot pain and a tendency to turn in his left foot and walk on toes while ambulating." (R. 18.) However, the ALJ found that "evidence of record supports less than marked limitation in two domains of functional

---

[4] Charcot-Marie-Tooth disease is a hereditary neurological disorder that damages the peripheral nerves and, over time, can result in symptoms including alteration or loss of sensation and atrophy of muscles in the feet, legs, and hands.

5

equivalence: health and physical well-being and caring for self." (R. 19.) The ALJ then discussed treatment records, including from Dr. Sisk, who stated that A.S. "had a variety of illnesses, but none of them severe," and the state agency opinions, who found that A.S. had a severe cardiovascular impairment, but "did not mention any significant symptoms or treatment related to this impairment since the application date." (*Id.*)

The ALJ provided further analysis of the health and physical well-being domain later in his opinion. "This domain considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects." (R. 27; 20 C.F.R. § 416.926a(1).) The ALJ stated that the evidence of record documents "various acute symptoms since the application date, and the diagnoses have generally been nonspecific,"[5] but the record "does not show that the claimant has received inpatient care for health or physical problems." (R. 27.) And while A.S. missed several days of school because of treatment for physical symptoms, which "supports some limitation in this functional domain," the ALJ found less than marked limitation in this domain, which is "[c]onsistent with the finding of the State agency medical consultants." (*Id.*) The foregoing demonstrates that the ALJ did not disregard or ignore A.S.'s Charcot-Marie-Tooth disease. In particular, the ALJ did not err by not mentioning the disease under the "Health and Physical Well-Being" subhead of her opinion, R. 27, because the ALJ discussed it earlier in a more general discussion of functional equivalence, when she reached the same conclusion that the "evidence of record supports less than marked limitation" in health and physical well-being. (R. 19.) The ALJ

---

[5] The court agrees with the magistrate judge's assessment that "[i]n referring to 'nonspecific' illnesses, the ALJ was discussing other symptoms not specifically related to Charcot-Marie-Tooth disease, such as vomiting, sore throat, and shortness of breath." (R&R 14.)

6

therefore built an "accurate and logical bridge from the evidence" related to Charcot-Marie-Tooth disease to her conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

Finally, Christy argues that the ALJ failed to provide a logical explanation between the evidence she summarized and her conclusion that the subjective allegations of A.S. and Christy are not entirely consistent with the record. To the contrary, the ALJ provided an extensive explanation as to why "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 18.)[6] The ALJ noted, for example, that A.S. presented to a hospital in May 2016 for symptoms such as nausea, vomiting, and diarrhea, but he was discharged with no specific diagnosis. (R. 19.) Regarding his heart condition, it was noted in April 2015 that A.S. was "doing well since last seen" and was "active and thriving." (*Id.*) In July 2016, physical examinations identified tachycardia or heart murmur, but the examinations as a whole were normal. (*Id.*) And in addressing the caring for self domain, the ALJ noted that A.S. could dress and feed himself with no more than minimal assistance, and according to his mother, A.S. could eat with a fork and spoon and use a toilet independently. (R. 19.) The court agrees with the magistrate judge that this is not an "exceptional case" which justifies upending the ALJ's credibility determination. (R&R 17–18.) *See Nichols v. Colvin*, 100 F. Supp. 3d 487, 509 (E.D. Va. 2015) ("When factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent exceptional circumstances. Exceptional circumstances are those where the ALJ's determination is unreasonable, contradicts other findings of fact, or is based on

---

[6] A.B. briefly testified at the hearing, followed by his mother. (R. 39–63.) "If the claimant is a child who does not describe, or cannot adequately describe, his symptoms, the ALJ 'will accept as a statement of [the child's] symptoms(s) the description given by the person who is most familiar with [the child], such as a parent, other relative, or guardian.'" *Barnes ex rel. T.J. v. Colvin*, No. 4:12-cv-254-D, 2014 WL 126039, at *4 (E.D.N.C. Jan. 13, 2014) (quoting 20 C.F.R. § 416.928(a)).

an inadequate reason or no reason at all.") (citing *Eldeco, Inc. v. NLRB*, 132 F.3d 1007, 1011 (4th Cir. 1997)).

III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Christy's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Christy's motion for summary judgment.

An appropriate order will be entered.

Entered: September 11, 2019.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge